**McLEAN et al. v. BURKINSHAW.**
No. 7388.

United States Court of Appeals for the District of Columbia.

Decided Oct. 16, 1939.

Rehearing Denied Nov. 14, 1939.

George B. Fraser and Robert H. Mc-Neill, both of Washington, D. C., for appellants.

Neil Burkinshaw, of Washington, D. C., for appellee.

Austin F. Canfield, of Washington, D. C., as guardian ad litem for Edward B. McLean.

Nelson T. Hartson and James C. Rogers, both of Washington, D. C., amici curiae, for John K. McLean II.

Before EDGERTON, VINSON, and RUTLEDGE, Associate Justices.

PER CURIAM.

This appeal grows out of proceedings in the District Court concerning the insanity of Edward B. McLean. Cf. In re Edward B. McLean, Lunatic, 67 Wash. Law Rep. 251. He was adjudicated insane in Maryland in 1933, and has since been confined there, and an ancillary committee has had charge of his estate in the District of Columbia. In the course of the present proceedings here, George B. Fraser filed an answer as attorney for McLean. On motion of the ancillary committee this answer was struck, on the ground that Fraser had no authority to represent McLean. Fraser, in his own name and McLean's, took the present appeal from that order. The ancillary committee and a guardian ad litem for McLean appear in support of the order. The sole question is whether the District Court erred in striking the answer which Fraser had filed.

Pending the motion to strike, and without objection by Fraser or his counsel, the court sent the guardian ad litem and Dr. Overholser, the psychiatrist, to interview McLean in Maryland. They reported that he was insane, and also that he denied any desire to be represented by Fraser. If he is sane, this repudiation disposes of Fraser's claim to represent him. If he is insane, his insanity has ended any authority which he may ever have given to Fraser. Sullivan v. Dunne, 198 Cal. 183, 244 P. 343; Chase v. Chase, 163 Ind. 178, 71 N.E. 485; Merritt v. Merritt, 1st Dept., 27 App.Div. 208, 50 N.Y.S. 604; 2 Mechem, Agency, § 2314 (2d ed.). It follows that whatever McLean's condition may be in law or in fact, Fraser does not represent him.

The District Court may in its discretion, at any stage of a case, require an attorney to show his authority to appear. Pueblo of Santa Rosa v. Fall, 273 U.S. 315, 47 S.Ct. 361, 71 L.Ed. 658; Alamo

v. Del Rosario, 69 App.D.C. 47, 98 F.2d 328. Apparently Fraser was not formally ordered to show his authority; but the record contains no suggestion that he was denied opportunity to show it. The motion to strike was filed on February 20, 1939. It came on for hearing, and the order for McLean's examination was filed, on February 28. The report of the guardian ad litem was filed on March 3, and the order striking Fraser's answer on March 6. The substantial rights of Fraser and of McLean were fully protected. If any appropriate formality was omitted, which we do not assume to have been the case, objection should have been made at the time and not postponed until appeal. Fraser's lack of authority appears on the face of the record.

Affirmed.